**The below described is SIGNED.**

**Dated: October 17, 2012**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



___

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Donald Troy Staker and<br>Kerry Lee Staker,<br><br>                Debtors. | Bankruptcy Number: 11-35404<br><br>Chapter 7<br><br>Judge R. Kimball Mosier |
| Donald Troy Staker and<br>Kerry Lee Staker,<br><br>                Plaintiffs,<br><br>v.<br><br>American Home Mortgage Acceptance,<br>Inc.; Eagle Point Title; U.S. Bank, N.A.<br>and John and Jane Does 1-10,<br><br>                Defendants. | Adversary Proceeding No. 12-02031 |

## FINDINGS AND CONCLUSIONS REGARDING
## STIPULATED MOTION TO REMAND

      The Joint and Stipulated Motion to Remand filed by Gary E. Jubber, the Chapter 7

Trustee of the Donald Troy Staker and Kerry Lee Staker bankruptcy and Defendant U.S.

National Bank Association came before the Court on October 9, 2012 at 10:00 a.m. Ashton

Hyde appeared on behalf Gary Jubber, Chapter 7 Trustee, Douglas Farr appeared on behalf of U.S. National Bank Association and Donald Tory Staker and Kerry Lee Staker appeared *pro se*. The Court having reviewed the Trustee's Motion, the Debtors' Objection to the Motion, as well as all other relevant documents and pleadings on file with the Court in this adversary proceeding and the Debtors' bankruptcy case, the arguments made in conjunction with the Motion and applicable law. Based thereon, the Court hereby enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On or about July 27, 2005, Donald Troy Staker and Kerry Lee Staker (Stakers) executed a promissory note in favor of American Home Mortgage Acceptance, Inc. in the principal amount of $89,600.00.

2. The Stakers also executed a Deed of Trust securing the promissory note (Deed of Trust) regarding property located at 4259 Stane Avenue, Salt Lake City, Utah 84120.

3. On or about July 27, 2011, the Stakers filed a quiet title action against American Home Mortgage Acceptance, Inc., Eagle Point Title and U.S. Bank, in a case entitled Staker v. American Home Mortgage Acceptance, Inc., et al, in the Third District Court for Salt Lake County State of Utah, Case No. 110916468 (Action).

4. On August 29, 2011, U.S. Bank moved to dismiss the Action.

5. On October 4, 2011, the State Court signed a Default Judgment and Order to Quiet Title for Real Property (Default Judgment) that the Stakers, appearing pro se, submitted to the State Court following the failure of defendants American Home Mortgage and Eagle Point Title to appear.

6. Although U.S. Bank appeared in the Action, U.S. Bank not served with the motion for entry of default judgment nor with any of the other default judgment documents.

7. The Default Judgment, drafted by the Stakers, included language that purports to declare the entire Deed of Trust a "nullity" and "of no further force or effect."

8. On October 24, 2011, the Stakers filed a voluntary petition for bankruptcy relief under chapter 7 of the bankruptcy code, *In re Donald Troy Staker, et al.*, Case No. 11-35404 (Bankruptcy Case) in the United States Bankruptcy Court for the District of Utah.

9. On or about October 25, 2011, U.S. Bank filed a Motion to Vacate the Default Judgment.

10. The Stakers identified the Action in their Statement of Financial Affairs filed in this case.

11. On or about October 24, 2011, Gary E. Jubber was appointed as the Chapter 7 Trustee in the Stakers' bankruptcy case.

12. On January 23, 2012, the Trustee filed a Notice of Removal of Civil Action by Trustee, thereby removing the Action to this Court.  The Action was designated as an adversary proceeding entitled *Staker v. American Home Mortgage Acceptance, Inc., et al*, Adversary Proc. No. 12-02031.

13. On April 5, 2012, the Trustee filed an Amended Motion to Approve Settlement Agreement with the Court seeking approval of a settlement agreement entered into by and between the Trustee and U.S. Bank (collectively the Parties).

14. Pursuant to the Settlement Agreement, U.S. Bank agreed to pay the Trustee $4,000, and in exchange, the Trustee agreed to vacate the Default Judgment and dismiss the Action with prejudice.

15. On April 25, 2012, the Stakers filed the Debtors' Objection to Trustee's Amended Motion to Approve Settlement Agreement.

16. On May 14, 2012, the Court held a hearing on the Amended Motion to Approve Settlement Agreement and approved the Settlement Agreement over the Debtor's objection.

17. The Order Approving Settlement Agreement was entered on May 24, 2012. The Order Approving Settlement Agreement was not appealed.

18. After the Settlement Agreement was approved, the Parties filed a stipulated motion and order to vacate the Default Judgment in this adversary proceeding. The stipulated motion was consistent with the settlement agreement but this Court declined to sign the order without considering the appropriateness of abstention under 28 U.S.C. § 1334(c)(1) and remand to the State Court to vacate the Default Judgment and dismiss the Action.

19. The Parties subsequently filed a Joint and Stipulated Motion to Remand this matter back to the State Court.

20. The Stakers have objected to the motion to remand.

**CONCLUSIONS**

The Stakers argue that: (1) the motion to remand affects a property interest that belongs to the Stakers and not to the bankruptcy estate, (2) the motion to remand is barred because more

than 30 days have elapsed since the matter was removed from state court, and (3) this Court lacks subject matter over the state court's Default Judgment.

**The Motion to Remand Does Not Affect a Property Interest That Belongs to the Stakers.**

As discussed in more detail below, all claims the Stakers held as a result of the Default Judgment became property of their bankruptcy estate. Unless those claims are abandoned, which they are not, the Trustee has the exclusive authority to control those claims.

**The Motion to Remand is Timely.**

This Adversary Proceeding was removed from the State Court pursuant to 28 U.S.C. § 1452, and not 28 U.S.C. § 1446. There is no 30 day time limit to remand matters removed from state court under § 1452. Given the sequence of events in this Adversary Proceeding, the Court finds that under the circumstances, the motion to remand was timely filed.

**This Court Has Jurisdiction Over the Bankruptcy Estate's Claims Arising From the Default Judgment and the Over Settlement Agreement.**

The Court initially notes that there is an important distinction between the claims that were compromised by the Settlement Agreement and the Default Judgment to be vacated pursuant to the Settlement Agreement. It is the difference between a dispute and facts relating to and giving rise to the dispute. The dispute is this – Stakers' claim the Default Judgment nullifies the Trust Deed which now has no validity or effect. U.S. Bank contests the Default Judgment because it was not provided any notice of the Default Judgment until after the Default Judgment was entered. The fact giving rise to the dispute is the Default Judgment. Although the Settlement Agreement and the Default Judgment are clearly related, an analysis of this Court's jurisdiction and the appropriateness of abstention or remand is different with respect to each.

5

This Court has exclusive jurisdiction over all of the Stakers' property as of the commencement of the Bankruptcy Case and over all property of the estate 11 U.S.C. § 1334(e)(1). The moment the Stakers filed their bankruptcy petition, all claims they held against the Defendants as a result of the Default Judgment became property of the bankruptcy estate. *In re Taylor*, 133 F.3d 1336 (10th Cir. 1998) (A bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case). The Trustee is the representative of the estate and control over property of the estate rests entirely with the Trustee. It is the Trustee of the bankruptcy estate that has the sole capacity to sue and be sued over assets of the estate. *Mauerhan v. Wagner Corp.*, 649 F.3d 1180 at FN 3 (10th Cir. 2011). *See also Sender v. Simon*, 84 F.3rd 1299 (10th Cir. 1996) (When asserting claims under the authority of 11 U.S.C. § 541, the trustee stands in the shoes of the debtor).

The Stakers' claim that the Default Judgment is valid is now the bankruptcy estate's claim, and can only be asserted by the Trustee. The Trustee has the authority, subject to this Court's approval, to compromise and settle the estate's claim. Pursuant to 28 U.S.C. § 1334(e)(1) and Rule 9019, Federal Rules of Bankruptcy Procedure this Court has exclusive jurisdiction over the estate's claim asserted by the Trustee and the Trustee's compromise of the estate's claim. This Court has already approved the Settlement Agreement. The order approving the Settlement Agreement was not appealed and is final. The Settlement Agreement is a binding and enforceable agreement between the Trustee and the Defendants

**This Action Should Be Remanded to State Court.**

Pursuant to 28 U.S.C. § 1334(c)(1) bankruptcy courts may abstain from hearing core matters and non-core matters in the interest of comity with state courts or respect for state law. *In re Telluride Income Growth LP*, 364 B.R. 390 (10th Cir. BAP 2007). Full faith and credit must be given by federal courts to state court judgments. *Exxon Mobile Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 208 (2005), *Davis v. Davis*, 305 U.S. 32 *(1938), Braselton v. Clearfield State Bank*, 606 F.2d 285 (10th Cir. 1979). The State Court entered the Default Judgment which the Parties have agreed to vacate. Although the Parties have agreed to vacate the Default Judgment, because it is the State Court's judgment comity and respect for state law dictate that this Court should not vacate the Default Judgment. Accordingly, the Court concludes that abstention is appropriate.

Once a court determines that it should abstain from a removed proceeding, a court may remand the proceeding under 28 U.S.C. § 1452(b) on any equitable ground, or pursuant to its powers granted under 11 U.S.C. § 105(a). *In re Midgard Corp.*, 204 B.R. 764 (10th Cir. BAP 1997). For the foregoing reasons, the Court concludes that the Parties's motion to remand pursuant to 20 U.S.C. § 1452(b) should be granted and this Action should be remanded to the State Court and pursuant to the settlement agreement approved by this Court, the State Court may vacate the Default Judgment entered on October 4, 2011 in Case No. 110916468, and dismiss the complaint in that action.

The Stakers' objection argues that this Court lacks subject matter jurisdiction over the Default Judgment. The Stakers' main argument challenging this Court's subject matter jurisdiction is that nothing was removed to this Court because the Default Judgment remained in

State Court. Even if the Stakers' position is correct, based on the Parties' binding agreement approved by this Court, the State Court should vacate the Default Judgment and Dismiss the Action.

---------------------------------------------End of Document--------------------------------------------------



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings and Conclusions Regarding Stipulated Motion to Remand** will be effected through the Bankruptcy Noticing Center to the following parties.

Donald Troy Staker
PO Box 70780
West Valley City, UT 84170

Kerry Lee Staker
PO Box 70780
West Valley City, UT 84170

Ashton Hyde
Fabian & Clendenin
215 South State St.
Suite 1200
Salt Lake City, UT 84111

Douglas Farr
Snell & Wilmer L.L.P.
15 West South Temple
Salt Lake City, UT 84101